## SAN ANTONIO SOCIETY et v COVERSON etc

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided September 30, 1929

Messrs. Nicola & Horn, Cleveland, for Society.

Messrs. Sexton & Picciano, Cleveland, for Coverson.

**SULLIVAN, J.**

Now we do not find in this decree or the entry thereof upon the docket any judgment which is equivalent to a final order from which error procedings may be taken. Had the court granted the motion of defendant for a directed verdict of course the verdict of the jury would have been in favor of the defendants below. Under this statute a motion for a new trial could have been made and upon a hearing thereof the court could have sustained the same, and thus, as is the status now, the case would be pending in the common pleas court but it is well settled that error will not lie from the decision of a court sustaining a motion for a new trial and granting the same. This analysis bears vitally upon the question as to whether there was a final order or judgment from which error proceedings could be taken. The court necessarily had to consider both motions. It appears that one of the reasons which guided the court is that the Statute of Limitations would have barred the right to sue on the part of plaintffi within a very short time after the action of the court upon the motion. Now, when we come to consider this aspect of the case existing at the time of the court's action, it is our judgment that had the court sustained the motion to direct and pronounced judgment thereon that then and thereupon if error proceedings were taken to this court the question as to whether the common pleas court in this action was guilty of an abuse of sound discretion would arise. There were two motions, one to direct a verdict in behalf of defendants and the other to continue the case, and withdraw a juror. If the court had granted the motion to direct a verdict the statute of limitations would have quickly ensued and perhaps plaintiff might have been barred of his day in court. In such a situation we believe the court had the right, in the exercise of sound discretion,

to grant the motion and continue the case and allow the withdrawing of a juror and grant leave, as was done, to amend the amended petition within thirty days. Thus if there there had been a final order in the case we believe there would have been error on the part of the court below for the reason that directing the verdict in the face of the motion to continue, under the circumstances, would have been an abuse of sound discretion.

We think that the case of **Cincinnati Car Co. v. Schneider, 25 C. C. (NS) 33** is not contrary to the position which we assume in the case at bar.

From this authority it is clear that there was no order affecting a substantial right and therefore proceedings in error would not lie. Similar motions were made in the case cited but before it had been submitted to the court or any intimation had been given as to what its decision would be. We do not think that this distinction is sufficient to base the claim that this authority is repugnant to the views herein expressed. However this may be in the instant case there was no judgment or order affecting a substantial right made by the court and this bing so there is no basis for error under the analysis of the case above set forth.

Holding these views the judgment of the common pleas court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.